UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JOYCE ANN PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:16-cv-00106-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Joyce Ann Parks seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied Parks's claim for disability insurance benefits. Ms. Parks brings this action pursuant to 42 U.S.C. § 405(g), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will DENY Ms. Parks's motion for summary judgment but will GRANT judgment in favor of the Commissioner.

**I**

**A**

Plaintiff Joyce Ann Parks filed an application for Title II disability insurance benefits in July 2013, alleging disability beginning June 1, 2010. [Transcript (hereinafter, "Tr.") 13.] Ms. Parks had previously filed a Title II application in November 2010 but had that application denied by both the original Administrative Law Judge and the Appeals Council; no appeal to federal court followed. [*Id.*] According to Parks's motion for summary judgment, she filed her July 2013 application for disability benefits due to her coronary artery disease, complex regional

pain syndrome, fibromyalgia, degenerative disc disease of the cervical spine, restless leg syndrome, residual effects of a neck surgery, and peripheral artery disease. [R. 13 at 3.] Parks's claims for Title II benefits were denied initially and upon reconsideration. [Tr. 13.] Subsequently, a hearing was conducted at Parks's request. [*Id.*] Following the hearing, Administrative Law Judge Roger L. Reynolds issued a final decision denying Parks's claim for benefits. [Tr. 13-22.]

To evaluate a claim of disability for Title II disability insurance benefits, an ALJ conducts a five-step analysis. *See* 20 C.F.R. § 404.1520. First, if a claimant is performing a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, she does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is "disabled." 20 C.F.R. § 404.1520(d). Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity ("RFC"), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Fourth, the ALJ must determine whether the clamant has the RFC to perform the requirements of her past relevant work, and if a claimant's impairments do not prevent her from doing past relevant work, she is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is "disabled." 20 C.F.R. § 404.1520(f).

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving her lack of residual functional capacity. *Id.*; *Jordon v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

In this case, at step one, ALJ Reynolds found that Parks had not engaged in substantial gainful activity since June 1, 2010, the alleged onset date, through September 30, 2012, her date last insured. [Tr. 16.] At step two, the ALJ found Parks suffers from the severe impairments of polyarthralgias and complex regional pain syndrome, fibromyalgia, degenerative disc disease of the cervical spine, coronary artery disease, residual effects of surgery to the right side of the neck and ear, restless leg syndrome, peripheral artery disease of the right leg, and now status post stent placement to the right common iliac artery. [*Id.*] At step three, the ALJ determined Parks's combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404. [Tr. 17-18.] Before moving on to step four, the ALJ considered the entire record and determined Parks possessed the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with certain limitations described as follows:

> [N]o lifting or carrying more than 20 pounds occasionally; 10 pounds frequently; no standing and/or walking more than six hours out of an eight-hour work day; no sitting for more than six hours out of an eight-hour work day; unlimited pushing/pulling up the exertional level indicated; no more than frequent balancing or climbing of ramps or stairs; no more than occasional stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes or scaffolds; and requires a sit/stand option with no prolonged standing or walking in excess of thirty minutes without a five minute break.

[Tr. 18.] This RFC is effectively the same as that articulated in the prior decision denying Parks's first claim for benefits. [*See* Tr. 70.]

After explaining how he determined Parks's RFC [see Tr. 18-20], the ALJ found at step four that, based on this RFC, Parks is capable of performing various jobs that exist in significant numbers in the national economy. [Tr. 20-21.] Accordingly, ALJ Reynolds concluded Parks was not disabled at any time from June 1, 2010, through September 30, 2012, pursuant to 20 C.F.R. § 404.1520(g). The Appeals Council then denied Parks's request for reconsideration, and Parks now seeks review in this Court.

## II

### A

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not

conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**B**

As an initial matter, this is not Ms. Parks's first application for disability benefits. Although Parks never mentions the applicability of this procedural requirement, ALJ Reynolds was required to apply the principles explained by the Sixth Circuit in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 840-43 (6th Cir. 1997), because this is Parks's second attempt at obtaining Title II benefits. [*See also* Tr. 13.] The *Drummond* case requires that when an ALJ makes a final determination on a disability claim, subsequent ALJs are bound by the prior determination unless there is a showing of "new and material evidence," or a change in the applicable law or regulations. *Drummond*, 126 F.3d at 842 ("Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."). The Social Security Administration has further clarified the concepts articulated by the Sixth Circuit in *Drummond* by restating its precise holding as follows:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

5

*See* AR 98-4(6), 1998 WL 283902, *3 (June 1, 1998).

Accordingly, a prior ALJ's finding concerning a claimant's RFC has a preclusive effect on future administrative proceedings if no new and material evidence is presented showing that the claimant's condition has significantly changed. *See, e.g.*, *Blevins v. Astrue*, 2012 WL 3149343, *3 (E.D. Ky. July 31, 2012). To demonstrate such changed circumstances, "a comparison between circumstances existing at the time of the prior decision and circumstances existing at the time of the review is necessary." *Kennedy v. Astrue*, 247 F. App'x 761, 768 (6th Cir. 2007) (citing *Drummond*, 126 F.3d at 842). In the absence of "changed circumstances," the prior ALJ's findings are binding on any subsequent claim. *Id.*

Here, ALJ Reynolds correctly applied the *Drummond* standard, noting that Parks's "current claim arises out of the same title of the Social Security Act; there is no evidence of improvement in the claimant's condition; and no new and additional evidence or changed circumstances that provide a basis for different decisional findings." [Tr. 13.] In light of this, Reynolds explained he found "no basis for reopening the [prior] decision." [Tr. 14.] Although Parks in some ways frames her motion for summary judgment as one covering the entire period of her alleged disability, she is not entitled to a second bite at the apple for a period that has already been adjudicated. *See Drummond*, 126 F.3d at 841 ("Decisions made by the Administration cannot be repeatedly reconsidered.") Therefore, the Court must review ALJ Reynolds's decision with this specific procedural posture in mind and only consider evidence in the record since the time of the prior decision when evaluating Parks's claims.

As far as substantive arguments go, Parks first contends the ALJ failed to view certain records from her treating cardiologist Dr. David J. O'Reilly as dispositive evidence of changed conditions. Specifically, Parks references a January 2013 letter drafted by Dr. O'Reilly wherein

he explains that he recently discovered he could not find a pulse in Parks's right groin area, which in turn led him to determine Parks suffers from a "chronically occluded proximal right common iliac artery with reconstitution down in the groin by collaterals from the left." [Tr. 481.] According to Parks, the letter "is objective clinical evidence of an impairment that could readily be expected to cause the type of extreme pain alleged by the Plaintiff." [R. 13 at 8.] Parks also draws the Court's attention to a March 2014 office note from Dr. O'Reilly, wherein he references Ms. Parks's pain and her unfortunate resultant narcotics dependency. [*See* R. 13 at 8-9; Tr. 468-71.]

      The Court does not necessarily disagree with Ms. Parks's contention that the groin issue could be an objective reason for the leg pain she alleges now and in her initial disability proceeding, or Parks's assertion that there was a reasonable explanation for her drug dependency. [*See* Tr. 19; Tr. 71.] But just because Dr. O'Reilly's treatment records support Parks's position in some way does not entitle Parks to relief. The issue in every Social Security appeal is whether the ALJ's decision was supported by substantial evidence. As explained at the outset, the substantial evidence standard is deferential, as it "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen*, 800 F.2d at 545. If the decision is supported by substantial evidence, it must be affirmed even if the Court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *Her*, 203 F.3d at 389-90. Further, as the Commissioner points out, the ALJ did, in fact, recognize that Ms. Parks's clinical impairments "could reasonably be expected to cause the alleged symptoms." [Tr. 19; *see also* R. 14 at 7.] Despite this, the ALJ found that the claimant's statements regarding her functional limitations were not entirely credible. [*See* Tr. 19.] Based on the record before him, the Court finds he was entitled to do so.

This leads directly to Parks's second main argument: that the ALJ failed to adequately evaluate her allegations of disabling pain. Ms. Parks takes issue with the ALJ's decision to discredit some of her "statements concerning the intensity, persistence and limiting effects of [her] symptoms" as not entirely credible. [*See* Tr. 19.] And Parks cites various medical records which do support her allegations of pain. [R. 13 at 10-11.] Nevertheless, as the Court has explained above and as the Commissioner points out in her brief, the key inquiry is not whether substantial evidence supports the claimant's allegations. Instead, the Court must consider whether substantial evidence supports *the ALJ's decision* and further, because of the procedural rules at play in this case, what effect *Drummond* has on the matter. Overall, Ms. Parks bears the burden of "show[ing] that her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity." *Priest v. Soc. Sec. Admin.*, 3 F. App'x 275, 276 (6th Cir. 2001) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232-33 (6th Cir. 1993)).

The ALJ who presided over Parks's first disability application hearing considered Parks's allegations of pain in detail, ultimately explaining that Parks's medically determinable impairments such as her fibromyalgia, restless leg syndrome, degenerative disc disease of the cervical spine, and depression could reasonably cause the alleged symptoms. [Tr. 72.] Despite this, that ALJ found that Parks was not entirely credible when it came to her pain allegations. [*Id.*] Subsequently, ALJ Reynolds agreed that Parks's medical impairments could reasonably cause the alleged symptoms, but that Parks's statements were still not entirely credible for a number of reasons articulated in the opinion. [*See* Tr. 19.] These reasons are supported by substantial evidence, here, even if the claimant's allegations are too. In the end, Ms. Parks has

8

simply failed to show a change in circumstances so as to overcome the *Drummond* presumption, and there is no evidence of ALJ error warranting reversal or remand.

### III

Therefore, the Court hereby **ORDERS** as follows:

1. Plaintiff Joyce Ann Park's Motion for Summary Judgment [R. 13] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [R. 14] is **GRANTED**; and

3. Judgment in favor of the Commissioner shall enter promptly.

This the 25th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge